IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRIAN KEITH ARDWIN                  PLAINTIFF

v.       Civil No.  4:23-cv-04098-SOH-BAB

CAPTAIN TRACEY SMITH
                            DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed *pro* se by Plaintiff, Brian Keith Ardwin, under 42 U.S.C. § 1983. Before the Court is Defendant's Partial Motion for Summary Judgment and supporting documents on the limited issue of exhaustion. (ECF Nos. 27, 28, 29). Plaintiff filed a Response. (ECF Nos. 31). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I. BACKROUND

Plaintiff is currently incarcerated in the Little River County Detention Center ("LRCDC") in Ashdown, Arkansas. His claims in this action arise from incidents which occurred in the LRCDC in September 2023. At all times relevant to Plaintiff's claims, he was a pretrial detainee. (ECF No. 1).

In his Complaint, Plaintiff names Captain Tracey Smith and Jail Administrator Gina Butler, both employees of the LRCDC, as Defendants. (ECF No. 1, p. 2-3). Plaintiff filed a Notice of Voluntary Dismissal of Gina Butler on March 25, 2024. (ECF No. 23). The Court accepted this

Notice and terminated Gina Butler as a Defendant on June 27, 2024. (ECF No. 32). Accordingly, Plaintiff's Claim One and Two are only stated against Defendant Smith in both his individual and official capacities. (ECF No. 1, pp. 5, 7).

Plaintiff first claims Defendant Smith used excessive force against him on September 11, 2023, during his transfer to lockdown. According to Plaintiff, Defendant Smith: (1) sprayed Plaintiff with pepper spray; (2) grabbed and wrenched Plaintiff's arm; and (3) shoved Plaintiff. (ECF No. 1, p. 4). Plaintiff also claims this use of force was in retaliation for Plaintiff's previous Section 1983 lawsuit. *Id.*

Secondly, Plaintiff claims Defendant Smith violated his Due Process rights from September 11, 2023, through September 19, 2023 when Plaintiff was locked in segregation without a hearing or notice. (ECF No. 1, p. 6). Plaintiff also claims this lockdown was further retaliation and an excessive use of force. *Id*.

In Defendant Smith's Motion he moves to dismiss both of Plaintiff's claims of retaliation and Plaintiff's second claim of excessive force. Defendant Smith admits Plaintiff properly exhausted his first claim of excessive force and his due process claim. (ECF No. 28, p. 6).

In Plaintiff's Response he states he does not oppose the dismissal of his retaliation claims or second claim of excessive force. (ECF No. 31).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the

non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607. "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. at 610. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

The PLRA mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a) (held unconstitutional on other grounds). Exhaustion is mandatory. *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court explained that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id*. at 218 (internal quotation marks and citation omitted). The *Jones* Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system

to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*.

The parties do not dispute Plaintiff failed to exhaust his claims of retaliation and his second claim for excessive force. Accordingly, the claims should be dismissed pursuant to the PLRA as there are no genuine issues of material fact to resolve. This leaves for further litigation Plaintiff's claim of excessive force relating to the incident on September 11, 2023, during his transfer to lockdown, and his Due Process claim related to his lockdown from September 11, 2023, through September 19, 2023.

## IV. CONCLUSION

For the reasons stated above, I recommend Defendant's Partial Motion for Summary Judgment (ECF No. 27) be **GRANTED** and both of Plaintiff's claims of retaliation and his second claim of excessive force be **DISMISSED WITHOUT PREJUDICE**. Plaintiff's first claim of excessive force and his due process claim should remain for further litigation.

**Referral Status:** This case should remain referred.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 6th day of August 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE