IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRIAN KEITH ARDWIN                                                                                          PLAINTIFF

v.                                              Case No. 4:23-cv-04098

CAPTIAN TRACEY SMITH                                                                                   DEFENDANT

## ORDER

Before the Court is Plaintiff Brian Keith Ardwin's ("Plaintiff") failure to comply with Court Orders and prosecute this matter. On October 13, 2023, Plaintiff submitted his 42 U.S.C. § 1983 action *pro se*. (ECF No. 1). Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") with his Complaint. The Court granted Plaintiff IFP status on the same day. (ECF No. 3). In the Court's October 13, 2023, filing Order, Plaintiff was specifically advised:

> Plaintiff is advised that he is required to immediately inform the Court of any change of address. If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address . . . The case will be subject to dismissal if Plaintiff fails to inform the Court of an address change.

(ECF No. 3) (emphasis in original).

The Court entered an Initial Scheduling Order in this matter on August 26, 2024. (ECF No. 36). This order was mailed to Plaintiff at his address of record but returned as undeliverable mail on September 3, 2024. (ECF No. 37). Plaintiff was provided thirty (30) days to inform the Court of his new address, but he failed to do so. The Court has not received any communication from Plaintiff since July 8, 2024. (ECF No. 33).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Here, Plaintiff has failed to prosecute this case and comply with the Court's Orders to keep the Court informed of his current mailing address. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 16th day of October, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge